FENNEMORE CRAIG, P.C.
Mario C. Vasta (No. 033254)
Spencer A. Shockness (No. 038752)
2394 E. Camelback Rd., Suite 600
Phoenix, Arizona 85016-9077
Telephone: (602) 916-5000
Email: mvasta@fennemorelaw.com
Email: sshockness@fennemorelaw.com

*Attorneys for Plaintiff*
*Viking Heating and Air Conditioning LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Viking Heating and Air Conditioning, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Viking Tucson, LLC d/b/a Viking Cooling & Heating; Viking Holdings, Inc.; and Viking California, Inc.,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Viking Heating and Air Conditioning, LLC ("Plaintiff") for its Complaint against Defendants Viking Tucson, LLC d/b/a Viking Cooling & Heating ("Viking Tucson"), Viking Holdings, Inc. ("Viking Holdings"), and Viking California, Inc. ("Viking California") (collectively, "Defendants"), states as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This is an action under the trademark laws of the United States and the common law for infringement, false designation of origin, and unfair competition. Plaintiff seeks, among other things, an injunction enjoining Defendants and those acting in concert with them from wrongful and unlawful use of Plaintiff's trademarks and trade dress.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an Arizona limited liability company with its principal place of business at 3225 North Arizona Avenue, Suite C12, Chandler, Arizona 85225. Plaintiff

provides residential and commercial HVAC installation, maintenance, repair, replacement, and related services throughout Arizona, including in Tucson and surrounding communities.

3. Viking Tucson is a Delaware limited liability company registered to do business in Arizona. Viking Tucson markets and performs HVAC services in Tucson, Marana, Oro Valley, and nearby communities, as well as in interstate commerce.

4. Viking Holdings is a California corporation. Upon information and belief, Viking Holdings is the owner of Viking Tucson's Registrar of Contractors license in Arizona. Upon further information and belief, Viking Holdings authorized, directed, controlled, and benefited from the adoption and use of the challenged VIKING branding in Arizona and conducts business in Arizona and in interstate commerce.

5. Viking California is a California corporation. Viking California is an HVAC contractor under common management with Viking Holdings and Viking Tucson. On information and belief, Viking California participates in the common VIKING brand, website, marketing platform, and customer-facing materials used to promote the Arizona business and conducts business in Arizona and in interstate commerce.

6. Upon information and belief, Defendants share management, branding, marketing resources, and the www.vikingair.net website; jointly planned, authorized, or implemented Defendants' Arizona launch; and each participated in or benefited from the challenged Arizona use alleged below.

7. Accordingly, this Court has personal jurisdiction over Defendants.

8. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b).

9. This Court has supplemental jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the relief sought herein occurred in this district.

. . .

. . .

## GENERAL ALLEGATIONS

### *Plaintiff's Brand*

11. Plaintiff has continuously used the name VIKING in Arizona as a trademark in connection with residential and commercial HVAC services since at least as early as March 10, 2016.

12. Plaintiff's brand is heavily connected to the VIKING name and a distinctive logo in which the letter V is stylized to evoke Viking horns.

13. Plaintiff has used these source identifiers on its vehicles, uniforms, signage, website, social media, digital advertising, and other customer-facing materials throughout Arizona.

14. Plaintiff also owns U.S. Trademark Application No. 99896316 for a horned-V design with the wording HEATING & AIR CONDITIONING for HVAC installation, maintenance, repair, and related services in International Class 37 (collectively with the VIKING name and stylized V logo, "Plaintiff's Marks"). The Application is pending and was published in the Trademark Official Gazette on September 15, 2026.

15. Through long and exclusive use, advertising, service, and promotion, Plaintiff's Marks have become associated in the minds of Arizona consumers, including but not limited to Tucson consumers, with Plaintiff and the quality of its services.

16. Plaintiff has developed significant goodwill through substantial customer patronage, particularly in the Tucson area, and its strong marketing efforts.

17. Plaintiff's brand and company are well known, especially in Arizona, and within the intended market (i.e., homeowners, landlords, etc.).

18. Plaintiff's trade dress (the VIKING name, horned-V logo, and red, white, and blue color scheme) is distinctive and, through nearly a decade of use and promotion, has acquired secondary meaning among Arizona consumers as identifying Plaintiff as the source of the associated services.

19. Plaintiff has made substantial investments in its marks and trade dress, service reputation, fleet, advertising, digital presence, and customer relationships, which have

generated valuable statewide recognition and goodwill, including in Tucson and the surrounding communities.

***Defendants' Brand***

20. Upon information and belief, Defendants' brand originated in California in 2025.

21. Upon information and belief, Defendants entered the Arizona market in 2026.

22. Defendants market the same residential and commercial HVAC installation, repair, maintenance, and replacement services to the same Arizona consumers under the marks VIKING AIR and VIKING COOLING & HEATING.

23. Defendants' Arizona marketing specifically targets the Tucson metropolitan area and Pima County, including Tucson, Marana, and Oro Valley, which overlaps significantly with Plaintiff's market.

24. Defendants conduct that marketing through www.vikingair.net and related search, map, social-media, vehicle, physical signage, and other advertising, which overlaps with the channels Plaintiff uses to reach Arizona customers.

25. The parties' principal Arizona branding is reproduced below. Both feature VIKING as the dominant word, paired with a stylized horned V, both use overlapping red, white, and blue presentations, and both apply that branding to identical HVAC services.

| **Plaintiff** | **Defendants** |
| --- | --- |
|   |   |
| | |

| Plaintiff | Defendants |
|---|---|
|  |  |
|  |  |

26. Defendants' branding creates substantially the same source-identifying commercial impression as Plaintiff's senior branding.

***Defendants' Infringement***

27. Upon information and belief, at some point in 2026, Defendants began advertising their residential and commercial HVAC services in Arizona under substantially identical trade dress as that of Plaintiff, as well as the VIKING mark and horned-V logo similar to Plaintiff's.

28. Upon information and belief, Defendants had actual knowledge of Plaintiff and its trademarks before Defendants opened for business and willfully infringed upon the same.

29. The <u>*actual*</u> consumer confusion caused by Defendants' use of the VIKING mark and horned-V logo has been continuous ever since Defendants entered the Arizona market and has drawn confusion from both Arizona and California consumers.

30. Several Arizona and California consumers have contacted Plaintiff via phone seeking Defendants' services or asking whether Plaintiff and Defendants are the same company or are affiliated.

31. Both Arizona and California fall within Plaintiff's geographic area of use and natural zone of expansion.

32. For example, on or around August 11, 2026, a consumer called Plaintiff to complain about a truck they had seen allegedly driving dangerously through their neighborhood and "b[lowing] right through a stop sign." Plaintiff confirmed through the GPS tracking data on its trucks that it did not have a truck in the consumer's neighborhood on that day. Upon information and belief, the truck the consumer was complaining about belongs to Defendants but was attributed to Plaintiff due to Defendants' confusingly similar brand.

33. By way of further example, on or around September 10, 2026, a consumer called Plaintiff regarding content he had seen on www.vikingair.net, which belongs to Defendants, thinking that the website belonged to Plaintiff. The consumer cited the fact that www.vikingair.net shows a Tucson location as the reason he believed that Plaintiff and Defendants were the same.

34. Online search results further illustrate some of the harm to Plaintiff's brand. Search engine results display Plaintiff and Defendants' websites close together with circular horned-V logos that are confusingly similar and difficult for the average consumer to tell apart.






35. Further, a September 24, 2026, search for "viking HVAC tucson" displayed Defendants' business first under a prominent "Temporarily closed" label while Plaintiff appears farther down the page, as shown below.



36. This is likely to cause consumers on the internet to be confused into thinking that Plaintiff is temporarily closed, rather than Defendants.[1]

37. On June 22, 2026, Plaintiff provided written notice of its senior rights and demanded that Defendants stop the challenged Arizona use.

38. Defendants declined.

39. Defendants' continued use of the confusingly similar VIKING mark, horned-V logo, and red, white, and blue color scheme after actual notice is knowing and willful under 15 U.S.C. § 1117(a).

40. Defendants' conduct has caused and, unless enjoined, will continue to cause diversion of prospective customers, loss of control over Plaintiff's identity and reputation, impairment of goodwill, increased advertising and corrective marketing costs, lost revenue and profits, and other harm that cannot be fully remedied by money damages alone.

## **COUNT ONE**

### (Lanham Act – Unfair Competition – False Designation of Origin under 15 U.S.C. § 1125(a))

41. Plaintiff incorporates each and every allegation above as though fully set forth herein.

42. Plaintiff has expended considerable effort, skill, and capital promoting its services under Plaintiff's Marks commencing long before Defendants began operating in Arizona (or anywhere else in the United States).

43. As a result, Plaintiff's trademark has become associated with Plaintiff's services and has acquired substantial goodwill with customers in its market.

44. Upon information and belief, Defendants had actual knowledge of Plaintiff and its trademarks before Defendants opened for business and willfully infringed upon the same.

---

[1] Upon information and belief, Defendants are actively providing services in the Tucson market as of the date of this filing despite the statement on Bing that Defendants are "temporarily closed."

45. Since June 2026, Defendants certainly have had actual knowledge of Plaintiff and its trademarks and have willfully infringed upon the same.

46. Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact in that they have caused ***actual confusion*** and are likely to continue to cause confusion or mistake, or deceive the public into believing there is an affiliation, connection, or association between Defendants and Plaintiff, or believing that Defendants' services originate from, are sponsored by, or approved of by Plaintiff, in violation of 15 U.S.C. § 1125(a).

47. As a direct and proximate result of Defendants' infringement, Plaintiff has and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill and brand recognition.

48. Plaintiff has no adequate remedy at law because Plaintiff's Marks represent to the public the identity, reputation, and goodwill of Plaintiff such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

49. Unless enjoined by the Court, Defendants and those acting in concert with them will continue to use and infringe Plaintiff's Marks to the irreparable injury of Plaintiff.

50. This threat of future injury to the business identity, goodwill, and reputation of Plaintiff requires injunctive relief to prevent Defendants' continued use of Plaintiff's trademark, and to ameliorate and mitigate Plaintiff's injuries.

51. Public policy factors and the balance of hardships weigh in favor of the Court granting injunctive relief in favor of Plaintiff. Plaintiff has long operated in Arizona under the VIKING name with the horned-V logo and red, white, and blue color scheme trade dress (for approximately a decade) and Defendants only recently started their business under the same name in Arizona. Further, Defendants were notified of Plaintiff's claims and requests to change Defendants' trademark by Plaintiff within months of Defendants starting operations, yet Defendants continued their infringing actions anyway.

52. Plaintiff is entitled to preliminary and permanent injunctions enjoining Defendants from any future use of Plaintiff's trademark.

53. Plaintiff is entitled to an accounting of Defendants' earnings and revenues for the time period in which they have used Plaintiff's Marks without authorization.

54. Plaintiff is entitled to recover damages equal to Defendants' profits, all damages sustained by Plaintiff, exemplary damages, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

55. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) due to the exceptional nature of this case and Defendants' infringement.

**COUNT TWO**

**(Unfair Competition – Common Law)**

56. Plaintiff incorporates each and every allegation above as though fully set forth herein.

57. Defendants' actions, as set forth herein, constitute unfair competition in that they have the natural and probable tendency to deceive so as to pass off the business of one person as that of another.

58. Defendants' unauthorized use of Plaintiff's Marks, as set forth above, constitutes misappropriation of Plaintiff's valuable goodwill, reputation, and business values.

59. Plaintiff has expended substantial time, labor, skill, and money in developing its trademark since as early as 2016.

60. As a result, Plaintiff's Marks have developed significant goodwill in the market and have come to represent the highest standards of quality and service.

61. Defendants have misappropriated Plaintiff's goodwill and are using that goodwill for their direct benefit and profit.

62. Defendants' misappropriation of Plaintiff's Marks and goodwill has wrongfully interfered with Plaintiff's business.

63. Defendants have unfairly profited from their misappropriation of Plaintiff's goodwill and business values and have capitalized on Plaintiff's commercial value, causing Plaintiff's damages in an amount to be proven at trial.

64. Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants' continued use of Plaintiff's trademark.

65. Plaintiff is entitled to recover damages, and to receive other equitable relief, as determined by the Court, including permanent injunctive relief.

**COUNT THREE**

**(Violation of Arizona's Consumer Fraud Act, A.R.S. § 44-1521 *et seq.*)**

66. Plaintiff incorporates each and every allegation above as though fully set forth herein.

67. Defendants have advertised services using Plaintiff's trademark, without Plaintiff's consent, in a manner that has caused *actual confusion* and is likely to further mislead the public and cause more confusion or mistake or deceive the public into believing there is an affiliation, connection, or association between Defendants and Plaintiff, or believing that Defendants' services originate from, are sponsored by, and/or approved of by Plaintiff.

68. Upon information and belief, Defendants have engaged in such deceptive acts with the intent that others will rely on their advertising and believe that their services are affiliated, connected, or associated with Plaintiff.

69. Defendants' acts, practices, and conduct significantly impact the public as actual or potential consumers of Plaintiff's services.

70. Plaintiff has suffered injury to a legally protected interest as a result of Defendants' acts, practices, and conduct.

71. Plaintiff has been injured as a result of Defendants' acts, practices, and conduct.

**COUNT FOUR**

**(Trade Dress Infringement)**

72. Plaintiff incorporates each and every allegation above as though fully set forth herein.

. . .

73. Plaintiff's trade dress consists of the overall combination of the VIKING name, horned-V logo, and the red, white, and blue color scheme used together in Plaintiff's Arizona fleet of service vehicles, advertising, digital presence, and other customer-facing materials.

74. Plaintiff's trade dress is nonfunctional, distinctive, and has acquired secondary meaning as a source identifier for Plaintiff's services in Arizona.

75. Defendants have adopted and used in Arizona a substantially similar overall presentation combining the VIKING name, a horned-V logo, and an overlapping red, white, and blue color scheme for identical HVAC services.

76. That use is likely to cause confusion as to the source, sponsorship, affiliation, or approval of Defendants' services, and actual confusion has occurred.

77. Defendants have therefore infringed on Plaintiff's trade dress in violation of 15 U.S.C. § 1125(a).

78. Plaintiff is entitled to injunctive, monetary, and other relief under 15 U.S.C. §§ 1116–1118.

**COUNT FIVE**

**(Declaration of Rights)**

79. Plaintiff incorporates each and every allegation above as though fully set forth herein.

80. Plaintiff claims to have superior rights to Defendants as to Plaintiff's Marks in its geographic area and natural zone of expansion and, upon information and belief, Defendants deny Plaintiff's rights under federal law and the common law.

81. Therefore, an actual and justiciable controversy has arisen and exists between the parties with respect to Defendants' infringement on Plaintiff's Marks and the parties' respective trademark rights.

82. Plaintiff is entitled to a judicial determination of its rights.

83. The declaratory relief sought will terminate the controversy between the parties.

84. Plaintiff requests that the Court declare that Plaintiff is the rightful and exclusive owner of the VIKING name, horned-V logo, and corresponding trade dress in connection with HVAC services in Plaintiff's geographic area and natural zone of expansion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A preliminary and permanent injunction directing Defendants to cease using the VIKING name and the horned-V logo in any form;

B. An order requiring Defendants to file with the Court and serve upon Plaintiff's counsel within 10 days after entry of any injunction or order issued herein, a written report, signed under oath, setting forth in detail the manner in which Defendants have complied with the injunction order;

C. A declaration that Plaintiff is the rightful and exclusive owner of the VIKING name, horned-V logo, and corresponding trade dress in connection with HVAC services in Plaintiff's geographic area and natural zone of expansion;

D. An accounting of Defendants' revenue, earnings, and profits for the purpose of determining damages;

E. An order that Defendants account and pay over to Plaintiff all gains, profits, and advantages derived by them as a result of their infringement of Plaintiff's trademark and unfair competition, and misappropriation of goodwill and business values in an amount to be proven at trial, including treble damages pursuant to 15 U.S.C. § 1117(a);

F. An award of costs and expenses, including reasonable attorneys' fees incurred by Plaintiff in connection with this action as provided for by 15 U.S.C. § 1117(a);

. . .

. . .

. . .

. . .

. . .

G. An award of pre- and post-judgment interest; and

H. For such other and further relief as the Court deems just and appropriate.

DATED this 20th day of October, 2026.

FENNEMORE CRAIG, P.C.

By: */s/ Mario C. Vasta*
Mario C. Vasta
Spencer A. Shockness
*Attorneys for Plaintiff*
*Viking Heating and Air Conditioning LLC*

66379275